UNITED STATES of America, Appellee,

v.

David A. GORDON, also known
as Kojac, Appellant.

No. 91–1863.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1992.

Decided Aug. 28, 1992.

---

§ 1542. Gordon was sentenced on the possession with intent to distribute count to a pre-Guidelines sentence of eleven years imprisonment, three years special parole, a $5,000.00 fine and a special assessment of $50.00. Gordon was sentenced on the false statement count, under the federal sentencing guidelines, to six months imprisonment to run concurrently with the possession count, three years supervised release, a $250.00 fine and a special assessment of $50.00. For reversal, Gordon claims that his trial counsel was ineffective in the plea negotiations and plea agreement. For the reasons discussed below, we affirm the judgment of the district court.

This case involves two different criminal proceedings against Gordon. In 1987, Gordon was charged, in an indictment filed in the Western District of Missouri, with conspiracy to distribute cocaine, unlawful firearms possession and possession of cocaine with the intent to distribute. In 1990, Gordon was arrested by customs agents when he attempted to cross the border into the United States from Canada using a false passport. In December 1990, Gordon was charged in the Western District of New York with making false statements in connection with obtaining and using a passport. The drugs offenses were pre-Guidelines offenses, while the passport fraud offense was a Guidelines case.

Following extensive plea negotiations, the parties entered into a plea agreement. Gordon agreed to a Fed.R.Crim.P. 20 transfer of the passport fraud count to the Western District of Missouri and agreed to plead guilty to one count of possession of cocaine with the intent to distribute and one count of passport fraud. In exchange, the government agreed to dismiss the conspiracy and firearms charges, agreed not to file charges in connection with the search of Gordon's Kansas residence where drugs, firearms and money were found, agreed to a twelve-year maximum sentence, and agreed to file a motion for downward de-

Carl Cornwell and Keith Sevedge, Kansas City, Kan., for appellant.

Peter Ossorio, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

David A. Gordon appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri, finding him guilty, after a guilty plea, of one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of making a false statement in application and use of a passport in violation of 18 U.S.C.

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

parture pursuant to 18 U.S.C. § 3553(e) and Fed.R.Crim.P. 35(b) if Gordon provided substantial assistance to the government within one year.

The district court sentenced Gordon within the terms of the plea agreement to a total of eleven years imprisonment and to three years special parole. More than ten days after entry of the judgment, Gordon filed a pro se motion entitled "motion for court appointed counsel and ineffective counsel herein." The district court treated this motion like a notice of appeal and found excusable neglect for not filing the notice within 10 days. *United States v. Gordon*, Nos. 87–00005–06–CR–W–3, 90–00238–01–CR–W–3 (W.D.Mo. Apr. 10, 1991) (order). The district court directed the clerk of court to file a notice of appeal on Gordon's behalf and the notice was filed on April 10, 1991.

Subsequently, on June 10, 1991, Gordon's counsel filed a Fed.R.Crim.P. 35(b) motion for sentence correction or reduction. In July 1991, the district court dismissed the Rule 35(b) motion for the lack of jurisdiction because of this pending appeal. *Id.* (July 23, 1991) (order). No notice of appeal from the dismissal of the Rule 35(b) motion was filed; therefore, the dismissal of the Rule 35(b) motion is not before this court.

The only issue before this court is Gordon's direct criminal appeal. Defense counsel filed an *Anders* [2] brief on Gordon's behalf claiming that he could find no colorable legal argument to support Gordon's direct appeal and that Gordon's only argument would be on a Rule 35(b) motion.

The government argues that this court cannot review the non-Guidelines cocaine sentence because the sentence is within the statutory maximum provided by 21 U.S.C.A. § 841(b)(1)(B) (West 1981) and the terms of the plea agreement.

 We have reviewed the record and plea agreement. Gordon faced a much longer sentence had he been found guilty of all four charges. The district court conducted a full and complete guilty plea hearing in which Gordon actively participated.

The sentences imposed were lawful under the statutory maximums, sentencing guidelines and plea agreement. We see no reason why Gordon should be allowed to withdraw his guilty plea. Gordon's claim of ineffective assistance of counsel is not proper in direct appeal and should be raised in a collateral proceedings.

Accordingly, we affirm the judgment of the district. *See* 8th Cir.R. 47B.

---

**2.** *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).